## STEPHEN VAN RENSSELAER JUNIOR,

v.

## SPENCER STAFFORD and others.

Van D. having purchased lands of Van R. for which he had not paid, sold part of the land to W. from whom he took two mortgages of equal date for parts of the consideration, intending, that one of the mortgages should be assigned to Van R. to secure the original consideration of the land, and that it should have priority. The mortgages were registered concurrently ; but the one intended for Van R. was first assigned to him, and afterwards the other was assigned to S. S. in good faith and for full value.

Van D. by assigning the first mortgage to Van R. while he retained the second, gave priority to the first, and postponed his own claim under the second.

S. S the assignee of the one mortgage took it subject to all the equity which Van R. the assignee of the other, had against the mortgagee.

THE bill stated, that the complainant being seized of a lot of about 500 acres of land in Argyle, agreed with Abraham Van Deusen, in 1816, to sell it to him for 2500 dollars, of which 500 dollars was to be paid at the delivery of the deed, and the residue in four annual instalments, to be secured by bond and mortgage : that a few days thereafter and before any payment was made, Van Deusen agreed with Joseph Wright and Isaac Powell to sell them the same land for 3,700 dollars and upwards, and thereupon the complainant at the solicitation of Van Deusen, made a conveyance to him of the lot, on the express condition, that Van Deusen on conveying to Wright, should take a mortgage from Wright and his wife for 1180 dollars, part of the consideration due to the complainant, and should procure that mortgage to be duly registered, prior to the mortgage which Van Deusen was to take to himself, and that he Van Deusen should forthwith assign that mortgage for 1180 dollars to the complainant : that Van Deusen about the 1st day of March in that year, conveyed a part of the lot to Wright ; and that Wright and his wife at the same time, executed a mortgage in fee of the same part to Van Deusen for 1180 dollars, payable with interest at certain days long since past for 1180 dollars : that Wright and his wife at the same time also executed to Van Deusen another mortgage of the same land for the sum of 676 dollars and 96 cents : that both these mortgages were acknowledged and regis-

1825.
22d September.

*Mortgage Assignment.*

1825.

VAN RENSSE-
LEAR
v.
STAFFORD.

tered at the same time, on the day of their date : that on the 20th day of June 1816, Van Deusen assigned the mortgage for 1180 dollars to the complainant to secure him for so much of the consideration due to him for the land : that some time after this assignment, Van Deusen assigned the mortgage for 676 dollars 96 cents to the defendants Stafford and others, who had then notice of the complainant's lien for part of the purchase money, of which a large balance is still due to the complainant : that the complainant has requested payment from Wright, and has offered to Stafford and others to assign to them his mortgage, upon their paying him the balance due to him, which they have refused.

The defendants Stafford and others admit that the complainant was the owner of the land ; that he sold or agreed to sell it to Van Deusen ; that Van Deusen agreed to sell to Wright and Powell ; that the complainant at the solicitation of Van Deusen, conveyed to him, upon the condition set forth in the bill ; that Van Deusen conveyed to Wright ; that the two mortgages were given and that both were registered at the same time ; and that the mortgage for 1180 dollars was assigned to the complainant : they say that on the 18th day of March 1817, Van Deusen in consideration of 700 dollars duly assigned to them the mortgage for 676 dollars and 96 cents ; but they deny, that they or either of them knew or had been in any manner informed that the complainant had any lien whatever on the mortgaged premises : they say, that a large balance is due upon the mortgage assigned to them ; and that at the same time when the complainant offered to assign his mortgage to them upon the payment of the amount due to him, they in like manner offered to assign to him their mortgage upon receiving the amount due to them.

The testimony on the part of the complainant, was Van Deusen's deposition, taken by consent, and read subject to any just exception.

He testified, that the complainant executed the deed of conveyance to him, about the 26th day of February 1816 : that about the 1st day of March following, he conveyed to Wright ; that Wright and his wife at the same time executed and acknowledged the mortgage for 1180 dollars, to him, with the

declared intent and understanding between him and the mortgagors, that this mortgage should be assigned to the complainant, to secure so much of the consideration money for the lot, to him : that Wright and his wife at the same time executed to him a mortgage for the residue of the consideration money due from Wright, being 676 dollars and 96 cents payable in four annual instalments : that deponent requested Wright to have the said mortgages so registered as to insure the priority to the complainant : that Wright had the two mortgages registered and on the delivery of them to the deponent, he delivered his conveyance to Wright : that he made the assignment to Stafford and others, in good faith, for the consideration therein expressed ; that it was made in payment of a just debt due from him to them ; that the amount of the mortgage exceeded that debt, by about twenty dollars, which he received in goods from the defendants Stafford and others.

The testimony on the part of the defendants, was the deposition of Wright. He concurs with the statement of Van Deusen, except, that he has no recollection, that Van Deusen requested him to have the mortgage so registered as to insure priority to the complainant, or that he himself ever delivered either of the mortgages to the clerk to be registered. The two mortgages bore date the same day, and were registered at the same hour.

Mr. Van Vechten for the complainant. The complainant is entitled to have his mortgage first satisfied. Van Deusen held both mortgages, and assigned one to Van Rensselaer. At that stage of the case, Van Rensselaer became entitled to have his mortgage first satisfied, it being for the price of the land which equity favors.

The subsequent assignment of the other mortgage can not place Stafford and others in a better situation.

Our mortgage is payable first, in order of time.

The assignee steps into the shoes of Van Deusen, subject to all equities. Clute v. Robison 2 John. R. 612. 2 Vern 692. If when Van Deusen held both mortgages, we had the right to a prior satisfaction as against him, he can not divest that right by assigning it. We go upon the prior right under the mort-

1825.

Van Rensse-
laer
v.
Stafford.

gage, and not upon the lien which equity would raise for pay﹣ment of the consideration for the land.

The defendants when they received the assignment knew of the other mortgage, and knew that it was payable before that which they received.

Mr. S. M. Hopkins and Mr. J. Lansing for the defendants.

The debt claimed by the complainant is just: but the defendants Stafford and others have equal equity and equal title. All notice of the complainant's lien is most expressly denied by the answer; and there is no attempt to prove it. We are then bona fide assignees, for full value, without notice.

It does not even appear, that as between Van Deusen and Wright there was in fact, any agreement for priority. Van Deusen says, that he requested Wright to register the complainant's mortgage first. Wright does not recollect that fact; nor does it appear, that he ever assented to it. So also Van D. received and kept the mortgages when registered as to stand on equal terms, without objection.

The equity set up against us is the latent equity of a third person : but a mortgage assigned, is subject to no equity, but that of the mortgagor. 2 Wash. 233. 254. 1 Dow. 54. 72. 1 John. ca. 411. 2 John. ch. 479. 443. 2 Dessaus, 519.

To say that the complainant's mortgage was made payable first in order, is an assumption. No such fact is alleged in the pleadings, nor appears.

If the complainant had priority as he alleges, he has been guilty of great negligence in not asserting it before. Had he made the assertion in time, it would have prevented the occurrence of this question.

Van Deusen's deposition is not admissible. 20 John. 142.

THE CHANCELLOR. The question now to be decided, is, which of these two mortgages shall have preference to the other; it being admitted, that the mortgaged land is not sufficient in value to satisfy both incumbrances.

While Van Deusen was a mortgagee, holding these two mortgages, with full power over both, he was at liberty to transfer either or both of them ; he had power to tranfer one of them, in such manner as to give his assignee a preference

against the other mortgage retained by himself; and such a preference might be given either by express stipulation, or by the effect of equivalent acts.

Van Deusen assigned the mortgage for 1180 dollars, to Van Rensselaer, on the twentieth day June, 1816; and on the eighteenth day of March, 1817, he assigned to Stafford and others, the mortgage for 676 dollars and 96 cents.

The assignment to Van Rensselaer, was an absolute transfer of all Van Deusen's right in the mortgage for 1180 dollars; it was made for a just debt due from Van Deusen to Van Rensselaer; and it must have been intended by both of them, to create an effectual security to Van Rensselaer, for that debt. The mortgage for 676 dollars and 96 cents being retained by Van Deusen, he continued to be a creditor, by that mortgage; Van Rensselaer became a creditor, upon the assigned mortgage: and by these acts, Van Deusen postponed his own claim as a mortgage creditor, to that of Van Rensselaer.

This construction of the acts of Van Deusen is also strongly supported by other considerations. Both these mortgages were made to Van Deusen; but he received them for very different purposes. The mortgage for 676 dollars and 96 cents was given by Wright, and taken by Van Deusen, for a debt to Van Deusen, in which no other person had any interest; and in respect to this mortgage, Van Deusen was the absolute creditor, as he was the mortgagee, without any trust or obligation, in favor of any other person. But the mortgage for 1180 dollars, though made to Van Deusen, was intended for the use of Van Rensselaer, and to secure to him the unpaid balance of the price of the land which he had sold to Van Deusen: or if there is any doubt that such was the intention of Wright, it is certain that Van Deusen intended that this mortgage should become the first incumbrance on the land, and an effectual security to Van Rensselaer. Van Deusen was indebted to Van Rensselaer for the unpaid balance of the price of the land which he had purchased from Van Rensselaer; and he had agreed with Van Rensselaer, to secure that balance by a mortgage of the land. Van Deusen therefore, in effect, received and held the mortgage for 1180 dol-

lars in trust for Van Rensselaer : and his intention was, that this mortgage should become the first incumbrance, by a prior registry. But after the two mortgages had been registered at the same time, it was still in the power of Van Deusen, holding both, to give the priority against himself, which he had intended. Retaining the mortgage which was purely his own, he assigned to Van Rensselaer the mortgage which he held and intended for the use of Van Rensselaer. These acts of Van Deusen took place, not only while he had the power to prefer one of these mortgages to the other, but also in discharge of his obligation to give Van Rensselaer an effectual security, by a mortgage of the land. The assignment to Van Rensselaer was thus not merely an arbitrary preference by Van Deusen, of the assigned mortgage to the mortgage retained; but it was the just discharge of a duty; a fulfilment of the confidence which Van Rensselaer had reposed in Van Deusen ; and a substantial compliance with the antecedent contract of these parties. It is therefore entirely in accordance with the intentions of Van Deusen and Van Rensselaer, and with the justice of the case between them, that Van Deusen should be held to have postponed the mortgage which he retained as his own, to the mortgage which he assigned to Van Rensselaer.

Had Van Deusen, after his assignment of one mortgage to Van Rensselaer, attempted to enforce the other mortgage remaining in his own hands, against the rights of Van Rensselaer, the injustice of such an attempt would be manifest. If Van Deusen might set up the unassigned mortgage held by himself, to defeat the mortgage which he had assigned, he would frustrate his own assignment, and destroy or impair the security which he had given to Van Rensselaer. He could do no act impairing the faith and force of his own prior assignment ; he, by that assignment, virtually postponed the mortgage which he retained, to the mortgage which he assigned ; and while he and Van Rensselaer both stood as mortgage creditors, it is clear that Van Rensselaer, as a creditor, was entitled to preference over Van Deusen, as a creditor.

This preference is not affected by the provisions of our law, concerning the registry of mortgages. It is not a preference

defeating or impairing the title of any purchaser of the land; and the mortgagor has no interest in the question. It is a question between mortgage creditors, whose rights are by the registry of their mortgages equally protected against purchasers; but whose rights against each other here result from facts wholly distinct from the registry. Van Deusen, holding both mortgages, postponed one to the other, against himself, as he might well do. This state of rights between Van Rensselaer and Van Deusen, results from the clearest principles of law and morals; and Van Rensselaer's right to a preference against Van Deusen, was in the language of this court, an equity, a claim of justice, which courts of equity enforce.

As Van Deusen had thus postponed the mortgage which he retained, his subsequent assignment of that mortgage to Stafford and others, could not destroy the equity which he had created; and which had become a perfect right in Van Rensselaer. Van Deusen's assignment to Stafford and others, transferred to them all the right which he then held; and his right, as it was then held by him, was subject to the preference which Van Rensselaer had previously acquired. Van Deusen could not by a transfer, divest or destroy the right which existed between him and Van Rensselaer; and Stafford and others, his assignees, took the mortgage assigned to them, charged with all the equity which existed against it, while it belonged to their assignor.

In the case of Clute against Robison, 2 John. 595, the court of errors held that the assignee of a mortgage takes it subject to all just claims existing against it; and that this is so, whether the assignee has notice of such claims or not. These principles having been established by that court, require no discussion; and they must govern this case. Stafford and others, therefore, stand in the place of their assignor, and hold the mortgage assigned to them, subject to all the equity which Van Rensselaer had against Van Deusen. It never could have been permitted to Van Deusen to enforce the mortgage for 676 dollars and 96 cents, against the mortgage which he had assigned to Van Rensselaer; and the same equitable preference which Van Rensselaer had against Van Deusen, must now prevail against Stafford and others.